Harrison A. Bennett v. Commissioner. Elenor G. Bennett v. Commissioner.
Bennett v. Commissioner
Docket Nos. 19011, 19012.
United States Tax Court
1950 Tax Ct. Memo LEXIS 73; 9 T.C.M. (CCH) 889; T.C.M. (RIA) 50243; October 17, 1950
*73 William J. Guste, Esq., and John Pat Little, Esq., for the petitioners. Jackson L. Bailey, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: The Commissioner has determined that there are deficiencies in income tax for the year 1944 as follows: Docket No. 19011
$1,200.44
Docket No. 19012
$1,200.43
The income tax liability of the petitioner, Elenor G. Bennett, who is the wife of petitioner, Harrison A. Bennett, is involved solely because she reported income for 1944 on the basis of her community one-half share of income of the spouses. The two issues presented by the pleadings are whether deduction of $4,508.87 is allowable under section 23 (a) (1) (A) of the Internal Revenue Code for alleged traveling and entertainment expense; and whether deduction of $1,800 is allowable under section 23 (a) (1) (A) as the cost of merchandise which was allegedly purchased for resale in a business. The petitioners filed their respective income tax returns with the collector for the district of Louisiana at New Orleans. The returns were filed on a community property basis. Findings of Fact During *74 the taxable year 1944, Harrison A. Bennett, hereinafter called the petitioner, and his wife, Elenor G. Bennett, were residents of the State of Louisiana. During 1944 the petitioner was engaged in three businesses as follows: He conducted a cocktail lounge business known as Topsy's Cocktail Lounge, of which he was the owner and sole proprietor. He was engaged in buying and selling cullet, broken and scrap glass, which business was conducted under the name of H. A. Bennett Cullet Company, of which he was the owner and sole proprietor. And he was a member of a partnership which sold tin plate and conducted that business under the name of American Tin Company. During 1944 the petitioner traveled in the pursuit of all of his business interests. Also, he entertained customers. His business trips were largely for the purpose of building up the cullet business, but he went on business trips in connection with the other businesses which he owned or in which he was a partner. Sometimes he would do business for more than one of his business concerns when he was away on one trip. For such trips the petitioner drew upon H. A. Bennett Cullet Company for cash to cover all of the expenses of the *75 trip and of business entertainment regardless of whether his expenditures were in connection with the cullet business or some other one of his businesses. However, if the petitioner went on a special trip for one of his business concerns, then the traveling expenses were paid by that concern. Separate books of account were kept for each of the three business concerns. The accountant employed by the petitioner did not make allocations of traveling and entertainment expenses to the respective business concerns for which the petitioner traveled. The petitioner did not introduce into evidence in these proceedings any record or records of the items making up expenditures totalling $4,508.87, the amount which he alleges constituted total business expense for traveling and entertainment. The books of H. A. Bennett Cullet Company showed cash withdrawals by the petitioner aggregating $4,508.87, but the books did not contain entries describing the items of expenditures, and the petitioner is not able to show from any personal or other records, or from hotel bills or receipts, for what purposes he expended sums aggregating $4,508.87. The petitioner did not keep any record showing the amounts *76 which he spent during 1944 for business entertainment expenses as distinguished from traveling expenses. In March of 1944 the petitioner purchased thirty cases of whiskey for Topsy's Cocktail Lounge for $1,800. The whiskey was disposed of in the regular course of the business of the cocktail lounge. Opinion Issue 1. Business Traveling Expense. In the returns for 1944 the petitioners deducted $5,708.87 as business expense incurred during the year for business travel and entertainment. Of that amount the respondent allowed deduction in the amount of $1,200, and disallowed the balance, $4,508.87. The petitioner, at the trial of these proceedings, was unable to produce evidence to prove that $4,508.87 was expended during 1944 for business travel and entertainment expenses. He was unable to introduce evidence from which this Court can make any fair estimate of a further allowable deduction in addition to the amount of the deduction which the respondent has allowed. Therefore, the rule of Cohan v. Commissioner, 39 Fed. (2d) 540, cannot be applied in these proceedings. For failure of proof, the respondent's determination under this issue is sustained. Issue 2. Cost *77 of Merchandise Used in Cocktail Lounge Business. The petitioner has introduced evidence which satisfies us that $1,800 was expended in March of 1944 for the purchase of thirty cases of whiskey for Topsy's Cocktail Lounge which was disposed of in the regular course of that business. The petitioner's evidence overcomes the prima facie correctness of the respondent's determination under this issue, and a deduction should be allowed in the amount of $1,800 for the cost of merchandise used in the business of the cocktail lounge. Decisions will be entered under Rule 50.